# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES JOHNSON, | No. 2:17-CV-2033-MCE-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| ERIC ARNOLD, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's unopposed motion to dismiss (Doc. 12).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1

## I. BACKGROUND[1]

Petitioner pleaded no context to being an ex-felon in possession of a firearm and admitted two prior felony convictions, and was sentenced to 25 years to life in prison on March 1, 2005. Petitioner did not appeal. Petitioner then filed the following post-conviction actions in state court:

> First Action
> Filed June 5, 2008, in the Solano County Superior Court.
> Denied July 30, 2008.
>
> Second Action
> Filed in the California Court of Appeal.
> Denied September 17, 2008.
>
> Third Action
> Filed in the California Supreme Court.
> Denied April 15, 2009.

On May 22, 2009, petitioner filed a prior federal habeas petition in this court, see Johnson v. Walker, E. Dist. Cal. Case No. 2:09-CV-1455-WBS-KJN, which was dismissed as untimely on June 24, 2010. This court's dismissal of the prior petition was affirmed by the Ninth Circuit Court of Appeals in an unpublished memorandum disposition issued on July 11, 2011. See Johnson v. Walker, 9th Cir. Case No. 10-16996.

On November 27, 2012, filed a petition to recall his sentence pursuant to Proposition 36 in the Solano County Superior Court.[2] The superior court denied the petition on November 27, 2012, concluding:

> Petitioner is not eligible for relief under this Act because one of his original prior convictions that was pled and proved as part of the above entitled cause is a violation of Penal Code Section 664/187, attempted

///

---

[1] The court takes judicial notice of relevant state court records attached as exhibits to respondent's motion. See Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964).

[2] Proposition 36, the Three Strikes Reform Act of 2012, modified the sentencing provisions of California's three strikes law.

murder." See Exhibit E.[3] Penal Code Section 667(a)(2)(C)(iv)(IV) prohibits resentencing pursuant to this Act when one of the prior convictions is attempted murder.

Petitioner then filed the following state court actions challenging the denial of his petition to recall his sentence by the superior court:

> First Action
> Filed November 13, 2013, in the Solano County Superior Court.
> Denied January 2, 2014.
>
> Second Action
> Filed February 27, 2014, in the California Court of Appeal.
> Denied July 1, 2014.
>
> Third Action
> Filed July 11, 2014, in the California Supreme Court.
> Denied September 10, 2014.

Petitioner then filed a request in the Ninth Circuit in September 2015 for leave to file a second or successive habeas petition in this court. On September 29, 2017, the Ninth Circuit denied the application as unnecessary and transferred the matter to this court as an original petition filed as of September 9, 2015.

## II. DISCUSSION

In his unopposed motion to dismiss, respondent argues that the instant petition was filed beyond the one-year limitations period and is, therefore, untimely.

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court

---

[3] Citations are to exhibits submitted with respondent's motion to dismiss (see Doc. 12-1).

3

judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1). If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day. See Cal. Rule of Court 8.308(a); Teal v. Superior Court, 60 Cal. 4th 595, 598-99 (2014) (regarding finality of denial of petition to recall sentence).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

In this case, petitioner did not file a direct appeal of the state court's denial of his petition to recall his sentence. Therefore, the state court's November 27, 2012, order denying the petition to recall petitioner's sentence because final on January 26, 2013, and the one-year limitations period began to run the following day. The limitations period was not tolled through the time until petitioner filed his first state court petition challenging the denial of his petition to recall his sentence. See id. Thus, the limitations period was not tolled from January 27, 2013, through November 13, 2013. Respondent concedes that the limitations period was tolled,

however, during the entire time petitioner's three state court actions challenging the denial of his petition to recall his sentence were pending. Thus, the limitations was tolled from November 13, 2013, through September 10, 2014, and expired on November 23, 2014.[4] Because the instant federal petition was not deemed filed until September 9, 2015, it is untimely by over nine months and must be dismissed for lack of jurisdiction.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's unopposed motion to dismiss (Doc. 12) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 20, 2018

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

---

[4] 291 days of the one-year limitations period expired through the time petitioner filed his first state court challenge to denial of his petition to recall his sentence on November 13, 2013. Following denial of the last state court challenge on September 10, 2014, 74 days remained in the limitations period. Thus, the limitations period expired on November 23, 2014.

5